NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE DAVILA-RODRIGUEZ,<br><br>              Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.   17-71268<br><br>Agency No. A200-898-470<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Jorge Davila-Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Davila-Rodriguez failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship). Davila-Rodriguez's contentions that the agency failed to properly consider relevant factors or evidence are not colorable and thus do not invoke our jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

We lack jurisdiction to consider Davila-Rodriguez's unexhausted contention that the agency did not use a proper future-oriented standard in assessing hardship. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

Davila-Rodriguez's motion to remand (Docket Entry No. 25) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DISMISSED.**

17-71268